```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x

MELIDA HERNANDEZ,
                                              MEMORANDUM AND ORDER
              Plaintiff,


              -against-                       11-cv-4537 (KAM)(VVP)


BAYVILLE REALTY CORP., SUBAR
ENTERPRISES, INC., ANDREADIS
REALTY CORPORATION, JOHN
DOES #1-5

              Defendants.
-------------------------------x
```

MATSUMOTO, United States District Judge:

On September 19, 2011, *pro se* plaintiff Melida Hernandez filed a complaint seeking both declaratory and injunctive relief and damages. On October 24, 2011, plaintiff filed the instant application for an "Emergency Order to Show Cause" for a temporary restraining order and preliminary injunction seeking to stay her eviction from commercial property pending a hearing in this court to determine whether her constitutional rights were violated. Plaintiff has paid the filing fee to initiate this action.

"A party seeking a preliminary injunction must show '(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary

relief.'" *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011) (quoting *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)); Fed. R. Civ. P. 65(b)(1)(A).  Here, plaintiff fails to meet this standard because, according to her affidavit and complaint, the State Supreme Court ordered a foreclosure sale, which already took place, and she has been served with a court-issued warrant of eviction.  (ECF No. 1, Complaint at 3[1]; ECF No. 5, Plaintiff's Affidavit in Support for Emergency Order to Show Cause dated October 24, 2011 ("Pl.'s Aff.") ¶ 4, Ex. D.)  The federal courts lack jurisdiction to stay or enjoin a state court judgment of foreclosure and order of eviction.  *Jing Chun Wu v. LeVine*, 314 Fed. Appx. 376, 377 (2d Cir. 2009) (affirming denial of plaintiff's claims for injunctive relief to stay the state court's foreclosure order on her property because the district court was without subject matter jurisdiction on the basis of the *Rooker-Feldman*[2] doctrine); *see also Jing Chun Wu v. LeVine*, No. 05-cv-1234 (NG), 2005 U.S. Dist. LEXIS 21051, at *6 (E.D.N.Y. June 3, 2005) ("Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the

---

[1]  Because the pages of plaintiff's complaint are not numbered, the court refers to the page numbers assigned by the court's Electronic Case Filing (ECF) system.

[2]  Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)(quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

2

*Rooker-Feldman* doctrine.").[3]

Accordingly, the motion for a preliminary injunction and a temporary restraining order is denied because the court lacks jurisdiction.  The Clerk of the Court is respectfully ordered to serve a copy of this order on plaintiff and note service on the docket.

SO ORDERED.

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge

Dated:  Brooklyn, New York
        October 25, 2011

---

[3]     As the "Notice of Eviction" attached as Exhibit D to plaintiff's affidavit in support states, "The **ONLY** way you can stop this eviction is if a Court issues an order to show cause that stays your eviction.  You may apply for such an order at the Civil Court, Landlord – Tenant part, in your borough." (*See* Pl.'s Aff. Ex. D. (emphasis in original).)